```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM BOWDREN                  :        CIVIL ACTION
                                 :
         v.                      :
                                 :
CRISTO REY PHILADELPHIA HIGH     :        NO. 22-4716
SCHOOL                           :
```

MEMORANDUM

Bartle, J.                                           May 10, 2023

Plaintiff William Bowdren has sued defendant Cristo Rey Philadelphia High School ("Cristo Rey") in this employment discrimination action. Bowdren alleges that he was terminated from his position at Cristo Rey because of his race, his age, his disability status, and his prior approval for Family Medical Leave Act ("FMLA") leave. He contends that Cristo Rey is liable under 42 U.S.C. § 1981; the FMLA, 29 U.S.C. §§ 2601 et seq.; and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1100, et seq. Before the court is the motion of Cristo Rey to dismiss the complaint of Bowdren pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied

Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide factual allegations "enough to raise a right to belief above the speculative level." Twombly, 550 U.S. at 555.

II

Bowdren's complaint is indeed "short and plain."  Fed. R. Civ. P. 8(a)(2).  He alleges he worked as the facilities manager at Cristo Rey, which is a private, independent high school in Philadelphia, Pennsylvania.  According to Bowdren, he is an American Indian born in 1960.  He avers that he "had and has a handicap, disability or impairment within the meaning of the PFPO that substantially limited and limits his ability to walk, and which required medical care and therapy."

Cristo Rey approved Bowdren's request for intermittent FMLA leave on November 5, 2020. He was terminated from his role on November 24, 2020 "because of an alleged lack of work and job restructuring." He alleges that Cristo Rey treated other employees more favorably by furloughing them instead of terminating them and offering them benefits. This decision he claims was "motivated by his race, age, handicap, or disability, and/or his FMLA status":

> Around the same time that Plaintiff was terminated, Defendant had furloughed for lack of work during the COVID-10 [sic] pandemic other employees who were substantially younger than Plaintiff, not of American Indian descent, not suffering from a handicap or disability, and/or not approved for FMLA leave. These furloughed employees were not terminated, and they had their medical and dental benefits extended during the period of their furlough, and many were called back to work in 2021. Unlike those employees, Plaintiff was terminated and not furloughed, and his medical and dental benefits were not extended, and he was not called back to work.

Bowdren filed a charge of discrimination on this basis with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 30, 2021. The charge was dual-filed with the Philadelphia Commission on Human Relations ("Philadelphia

Commission").[1]  The EEOC investigated his charge and issued him a right to sue letter dated May 17, 2022.

III

Cristo Rey first moves to dismiss Bowdren's claims of age, disability, and race discrimination under the PFPO on the ground that Bowdren failed to exhaust his administrative remedies under the ordinance.  Cristo Rey contends that Bowdren was required to file his charge of discrimination in the first instance with the Philadelphia Commission in order to assert a claim under the PFPO.  Bowdren counters that it is sufficient that he dual-filed an administrative complaint covering the same issues with the EEOC and received a right to sue letter.

The precedents are unanimous that a party must first exhaust administrative remedies before filing a lawsuit claiming

---

1.  Bowdren indicated in his complaint that his "charge was dual-filed with the Philadelphia Commission."  Cristo Rey took the position in its present motion that Bowdren "did not file a complaint with the [Philadelphia Commission]."  Bowdren did not contest that statement in its opposition brief.  Instead, he took the position that the filing of his administrative charge with the EEOC was sufficient.  The court held a telephone conference on May 4, 2023, to resolve the dispute between the language of Bowdren's complaint and the statement in Cristo Rey's moving papers.  At the court's direction, Bowdren submitted to the court the charge he filed with the EEOC.  As this is a document Bowdren references in his complaint, the court may consider it in ruling on the present motion.  E.g., In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  The charge Bowdren filed with the EEOC indicated his desire for it to be dual-filed with the Philadelphia Commission.

a violation of the PFPO.  Marriott Corp. v. Alexander, 799 A.2d 205, 208 (Pa. Commw. Ct. 2002); Richards v. Foulke Assocs., Inc., 151 F. Supp. 2d 610, 616 (E.D. Pa. 2001).

Some precedents require the filing of an administrative complaint with the Philadelphia Commission in order to meet the exhaustion requirement and allow a subsequent lawsuit under the PFPO.  See, e.g., Lee v. Bay, LLC, Civ. A. No. 21-5088, 2023 WL 1971209, at *3-4 (E.D. Pa. Feb. 13, 2023); Smith v. RB Distribution, Inc., 498 F. Supp. 3d 645, 665 (E.D. Pa. 2020).  Others have ruled that simply filing a charge covering the same subject matter with the Pennsylvania Human Rights Commission or the EEOC, and not with the Philadelphia Commission, will suffice.  See, e.g., Newsome v. City of Philadelphia, Civ. A. No. 19-5590, 2021 WL 2810289, at *3-4 (E.D. Pa. July 6, 2021); Vandegrift v. City of Philadelphia, 228 F. Supp. 3d 464, 480-82 (E.D. Pa. 2017).  None of the cases specifically discuss a dual-filed complaint with the EEOC and the Philadelphia Commission.

The court concludes that the filing of a dual-filed complaint with the EEOC and the Philadelphia Commission satisfies the exhaustion requirement under the PFPO.  Although the EEOC was the agency that investigated his charge, Bowdren also had the charge filed with the Philadelphia Commission.  That he had the charge initiated under the EEOC rather than with

the Philadelphia Commission is irrelevant.  It would serve no purpose to require that multiple administrative bodies receive the same complaint and carry out parallel investigations into the same set of facts.  This is especially the case given the work-share agreement between the Philadelphia Commission and the EEOC.  See, e.g., Newsome, 2021 WL 2810289, at *4 n.4.

                                IV

Cristo Rey next moves to dismiss the PFPO and FMLA claims of Bowdren on the ground that they are time-barred.  Cristo Rey first contends that the PFPO claims are untimely because they were filed more than 90 days after Bowdren received his right to sue letter from the EEOC.  The 90-day period that Cristo Rey references is the time limit for filing a claim under Title VII of the Civil Rights Act of 1964 after one receives a right to sue letter from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1).  However, the limitations period of a Title VII claim does not apply to a PFPO claim.  Nowhere in the PFPO is there any indication that it was adopting any federal limitations period.  Rather, the PFPO provides that an action must be filed "within two years after the date of notice from the [Philadelphia] Commission closing the case."  Phila. Code § 9-1122(2).  Although it was the EEOC and not the Philadelphia Commission that investigated his claim, the court finds that Bowdren's complaint was timely filed within the applicable two-

year limitations period that began to run when the EEOC issued a right to sue letter in May 2022. His PFPO claims are timely.

Bowdren's FMLA claim is also timely. An FMLA claim must be filed no later than two years after "the date of the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(1). Bowdren filed his complaint on November 25, 2022. He alleges he was terminated "on or about November 24, 2020." Thus, his limitation period would appear to end on November 24, 2022. However, November 24, 2022 was Thanksgiving Day, a legal holiday. Rule 6(a)(1) of the Federal Rules of Civil Procedure provides that "if the last day [of a limitations period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, Bowdren's limitations period was extended until November 25, 2022, the date the complaint was filed.

V

Cristo Rey finally moves to dismiss each of the claims in Bowdren's complaint on the ground that they have not been pleaded with requisite specificity. Our Court of Appeals has set a low bar to overcome for a complaint alleging employment discrimination to survive a motion to dismiss under Rule 12(b)(6). Bowdren's complaint need only set forth allegations of "enough facts to raise a reasonable expectation that

discovery will reveal the existence of the necessary element[s]." Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)). It is not necessary that he "allege a prima facie case." Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021). Thus, he need not "plead evidence . . . [or] all the facts that serve as the basis for the claim." Moore v. Beers, 121 F. Supp. 3d 425, 429 (D.N.J. 2015).

The elements of a claim under 42 U.S.C. § 1981 are (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate against the plaintiff on the basis of race; and (3) that this discrimination fell within one of the activities enumerated in the statute, which includes the right to make contracts. Summers v. Children's Hosp. of Phila., Civ. A. No. 21-3479, 2021 WL 5789057, at *2 (E.D. Pa. Dec. 7, 2021) (citing Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002)). Here, Bowdren has alleged that he is an American Indian, that he was not rehired after being terminated, and that his race was a factor in Cristo Rey's

decision to not rehire him.[2] In addition, he alleges that other employees who were not American Indians were furloughed and subsequently rehired and were given benefits during their furlough that he was not. At this stage, these allegations are all that are required for him to plead a claim of racial discrimination. Cf. Nelatury v. Pa. State Univ., Civ. A. No. 21-279, 2022 WL 4837433, at *13 (W.D. Pa. Oct. 3, 2022).

Cristo Rey next moves to dismiss Bowdren's claims of age and disability discrimination under the PFPO. Courts have widely held that claims of age and disability discrimination under the PFPO are subject to the same analysis for determining liability as claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., respectively. See, e.g., Ngai v. Urb. Outfitters, Inc., Civ. A. No. 19-1480, 2021 WL 1175155, at *7 (E.D. Pa. Mar. 29, 2021); Ahern v. Eresearch Tech., Inc., 183 F. Supp. 3d 663, 668 (E.D. Pa. 2016).

---

2. For the same reasons, Bowdren's claim under the PFPO for race discrimination also survives Cristo Rey's motion to dismiss. Claims under § 1981 and the PFPO are analyzed coextensively. Bullock v. City of Philadelphia, Civ. A. No. 19-1183, 2020 WL 4365601, at *7 (E.D. Pa. July 30, 2020) (citing Joseph v. Cont'l Airlines, Inc., 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000)).

To allege a prima facie case of age discrimination, the plaintiff must allege are "(1) he is older than 40; (2) he applied for and was qualified for the position; (3) he suffered an adverse action; and (4) he was replaced by a sufficiently younger person to support the inference of age discrimination." Kargbo v. Phila. Corp. for Aging, 16 F. Supp. 3d 512, 521-22 (E.D. Pa. 2014). The factual allegations in Bowdren's complaint show a reasonable likelihood that discovery will reveal sufficient evidence to establish a prima facie case. He alleges that he is older than 40, that he was furloughed and not rehired, and that younger employees who were also furloughed were given more favorable treatment with respect to benefits and were rehired. As for the second element, the court can assume at this stage that he was qualified for his position. See, e.g, Tanay v. Encore Healthcare, LLC, 810 F. Supp. 2d 734, 745 (E.D. Pa. 2011). Accordingly, he has stated a plausible claim for age discrimination.

To state a prima facie case of disability discrimination, the plaintiff must allege that he is "(1) disabled within the meaning of the ADA, (2) can perform the essential functions of his job with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of discrimination based on his disability." Feliciano v. Coca-Cola Refreshments USA, Inc., 281 F. Supp. 3d 585, 592

-10-

(E.D. Pa. 2017).  Bowdren avers that he suffers from a disability that substantially affected his ability to walk and that this was a factor in Cristo Rey's decision to terminate him.  These allegations are sufficient to establish a reasonable probability that discovery "will reveal the existence of the necessary element[s]."  Connelly, 809 F.3d at 789.

Finally, Cristo Rey moves to dismiss Bowdren's claim under the FMLA.  A prima facie case of FMLA retaliation consists of three elements: (1) the plaintiff invoked his right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of rights.  Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 256 (3d Cir. 2014).  He need not allege that he actually took FMLA leave because he may still proceed with a theory of "preemptive or anticipatory retaliation."  Kegerise v. Susquehanna Twp. Sch. Dist., Civ. A. No. 14-747, 2015 WL 4232534, at *4 (M.D. Pa. July 13, 2015) (citing Romero v. Allstate Ins. Co., 3 F. Supp. 3d 313, 333-34 (E.D. Pa. 2014)).  Bowdren alleges that Cristo Rey approved his request for intermittent FMLA leave 19 days before it terminated his employment.

Cristo Rey analogizes Bowdren's complaint to that of Titus-Williams v. Schrig, Civ. A. No. 19-4743, 2020 WL 424950 (E.D. Pa. Jan. 24, 2020).  There, the district court granted a

motion to dismiss a pro se plaintiff's FMLA retaliation claim on the ground that the plaintiff did not allege a causal connection between her invocation of FMLA rights and her termination. See id. at *7.  By contrast, Bowdren alleges there was a causal connection between his approval for FMLA leave and his termination.  His allegations, combined with the short time period between Cristo Rey's approval of his request for intermittent FMLA leave, render this claim plausible.

VI

For the above reasons, the court will deny the motion of defendant Cristo Rey Philadelphia High School to dismiss the complaint of plaintiff William Bowdren.